UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ALLSTATE INSURANCE COMPANY, et al.,

                Plaintiffs,

          **MEMORANDUM ORDER**

   - v -

          CV-09-4660 (RJD)(VVP)

NOEL W. HOWELL, M.D., et al.,

                Defendants.
----------------------------------------------------------------x

      Seven defendants in this case involving allegations of insurance fraud have moved for a limited stay of discovery in order to preserve the Fifth Amendment privilege against self-incrimination enjoyed by four of the defendants without suffering the consequence of an adverse inference if they are forced to assert the privilege in response to discovery requests and deposition questions. The movants are four individual defendants – Innessa Drabkin, Alexander Freed, Michael Mazur, and Lucy Rodriguez – and three corporations with which they are affiliated – Integra CBA Co., PKH Corp., and Silver Pines Management Corp. The plaintiffs seek damages against these and other defendants on the ground that they participated in a fraudulent scheme with various doctors to obtain payment of no-fault insurance claims. The essence of the fraud alleged by the plaintiffs is that the defendants, under the guise of medical management companies, owned and operated medical facilities which, under New York law, may only be owned and operated by licensed medical professionals. The plaintiffs thus allege that under the authority of *State Farm Mut. Auto. Ins. Co. v. Mallela*, 4 N.Y.3d 313 (2005), they are entitled to reimbursement for any no-fault benefit

payments made to the fraudulently incorporated medical facilities. They also allege that the facilities, which were only nominally owned by various physicians, improperly billed the plaintiffs to obtain no-fault benefits for services that were either unnecessary or not performed. Finally, although not central to their fraudulent incorporation claim, the plaintiffs allege that some of the defendants, including the movants here, were involved in a fraudulent scheme to make no-fault insurance claims based on staged motor vehicle accidents.

Three of the individual defendants identified above – Drabkin, Mazur and Rodriguez – and two of the corporations, have been indicted on charges now pending in the Supreme Court, Queens County, for the staged accident fraud. Although the staged accident fraud is not the central focus of the plaintiffs' claims here, it is clear that any testimony or other information that the individuals might be required to provide in discovery concerning their involvement with the management companies and medical facilities alleged to be part of that fraud would tend to incriminate them. The court has thus concluded that the circumstances warrant a stay of discovery as to them under the multi-factor test that courts have used to decide the issue. *See, e.g., Parker v. Dawson*, Nos. 06-CV-6191, 06-CV-6627, 07-CV-1268, 2007 WL 2462677, at *3 (E.D.N.Y. Aug. 27, 2007).[1]

---

[1] As articulated in *Parker*, the factors are,

(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in

The considerations with respect to the stay sought by the remaining individual, Freed, is different because he has not been indicted. As noted by the court in *Parker*, that tends to be a crucial determinant in deciding motions to stay. *Parker*, 2007 WL 2462677, at *3 ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment, . . . but will deny a stay of the civil proceeding where no indictment has issued.") (*quoting In re Par Pharmaceutical*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) (internal citations omitted)). At oral argument today, however, Freed's counsel disclosed facts that convince the court that the stay should extend to him as well. Freed is married to Innessa Drabkin, who is among those already indicted. He is alleged by the plaintiffs to be the chairman of one of the two indicted corporations, as well as the owner – with his wife and another indicted defendant – of the other. Given his obviously close relationship with one of the indicted individuals, and his alleged close financial involvement with the indicted corporations, Freed falls well within the ambit of the conduct that is the subject of the indictment.[2] Any testimony or other information he would provide in this action concerning his relationships with the indicted persons and entities, or his involvement

---

proceeding expeditiously, weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the public interest; and (6) the interest of the Court in the efficient management of cases.

*Parker v. Dawson*, 2007 WL 2462677, at *3.

[2]It was suggested at oral argument that perhaps the only factor that shielded Freed from indictment was the absence of his voice on any of the intercepted communications that constitute a substantial portion of the evidence in the criminal action.

in any of the indicted conduct, carries the substantial risk that he too would be charged. He clearly has a good faith basis for asserting a Fifth Amendment privilege, and given the stay with respect to the other individual defendants, a stay as to him will not cause any appreciable further discovery delay. Accordingly, his request for a stay of discovery is granted as well.

The stay requested by the three corporations is entirely different. Corporations have no Fifth Amendment privilege against self-incrimination. *Matter of Grand Jury Subpoenas Dated Oct. 22, 1991, and Nov. 1, 1991*, 959 F.2d 1158, 1163-64 (2d Cir. 1992)(*citing Braswell v. United States*, 487 U.S. 99, 102 (1988); *Bellis v. United States*, 417 U.S. 85, 88 (1974); *Hale v. Henkel*, 201 U.S. 43, 74-75 (1906)). They thus face no Hobson's choice between asserting a constitutionally protected privilege and suffering an adverse inference if they do so.

The defendants suggest that the act of production by the corporations would tend to incriminate any individuals who produced the documents, but the Supreme Court has definitively put to rest any argument that a corporation may resist production of documents on the ground that to do so would infringe Fifth Amendment protections, even when the production must be made by a corporation's sole shareholder. *See Braswell*, 487 U.S. at 108-09. It bears noting that the production of records by the corporate custodian, whoever that may be, is an act of the corporation, not of the individual, and thus no evidentiary use of that act may be made against the

custodian as an individual.³ *Id.*, 487 U.S. at 117-18; *accord*, *Matter of Grand Jury Subpoenas Dated Oct. 22, 1991, and Nov. 1, 1991*, 959 F.2d at 1164. The case cited by the defendants, *In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992*, 1 F.3d 87, 93 (2d Cir. 1993), is inapposite: it did not concern the act of production in connection with corporate records, and in any event the court found no act of production applied to the documents at issue.

Finally, although some courts have stayed discovery with respect to corporate defendants, they rested their decisions on concerns of efficiency arising from the possibility of duplicative depositions or other duplicative discovery. *See, e.g., Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 41-42 (S.D.N.Y. 1993); *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1141 (S.D.N.Y. 1995). The court is confident that discovery can be managed here to avoid unnecessary duplication of effort without a complete stay of discovery as to the corporate defendants. Accordingly, the motion to stay discovery as to the corporate defendants is denied.

In view of the foregoing, and as discussed at the conference today, the court sets June 25, 2010 as the deadline for (1) written responses by the plaintiffs to the discovery requests made by the defendants who sought the stay, and (2) written responses by the

---

³It is also worth noting that the Court in *Braswell* drew a distinction between requiring a custodian to produce corporate documents and requiring a custodian to provide oral testimony. The former can be compelled without invading Fifth Amendment protections; the latter cannot. *Braswell*, 487 U.S. at 113-14.

corporate defendants Integra CBA Co., PKH Corp., and Silver Pines Management Corp. to the discovery requests served by the plaintiffs.  Any motions with respect to disputed items of discovery shall be made on the same schedule as was set for the other parties.

        **SO ORDERED:**

        *Viktor V. Pohorelsky*

        VIKTOR V. POHORELSKY
        United States Magistrate Judge

Dated:      Brooklyn, New York
              May 25, 2010