UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ALLSTATE INSURANCE COMPANY, et al.,

                Plaintiffs,

     - v -

NOEL W. HOWELL, M.D., et al.,

                Defendants.
-----------------------------------------------------------------x

**MEMORANDUM ORDER**

CV-09-4660 (RJD)(VVP)

The plaintiffs have moved for the entry of a default against the defendants Noel W. Howell, M.D., and two entities with which he is alleged to be affiliated – Bronx Park Medical, P.C. and Inwood Hill Medical, P.C. – because of their failure to comply with court orders concerning discovery. Specifically, they have failed to provide initial disclosures, and have failed to respond to interrogatories and document requests that were served in February of this year, despite court orders entered on April 12, 2010 (Doc. No. 189), May 25, 2010 (Doc. No. 202), and August 4, 2010 (Doc. No. 222) requiring them to do so. The May 25 and August 4 orders specifically warned that a failure to comply would "result in appropriate preclusion orders and such other sanctions as may be appropriate." Although the defendants have offered excuses and explanations for their failure to comply with the court's discovery orders, none are persuasive given the extensive amount of time they have had to comply. Moreover, they apparently continue to this day to be in non-compliance with the orders. Sanctions are clearly warranted.

The difficulty with the plaintiffs' application is that the sanction they request – the entry of a default – is not adequately supported under the standards applicable in this circuit. Although a decision to impose sanctions is committed to the sound discretion of the court, *e.g., Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007), the entry of a default for discovery violations is a drastic remedy reserved for extreme circumstances, *Marfia v. T.C. Ziraat Bankasi, New York Branch*, 100 F.3d 243, 248-49 (2d Cir. 1996). Thus, before entering a default, the court should consider whether a less drastic remedy would be sufficient, *see, e.g., Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988); *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.*, 845 F.2d 1172, 1176-77 (2d Cir. 1988), and the severity of the sanction must be commensurate with the non-compliance, *Shcherbakovskiy*, 490 F.3d at 140.

Here, the plaintiffs have not provided the court with copies of the document requests and interrogatories to which the defendants have failed to respond. The court is therefore unable to make a determination about the seriousness of the defendants' non-compliance, or about whether lesser sanctions would be effective, such as the preclusion of evidence about which the court had specifically warned the defendants. Accordingly, the request for the entry of a default is denied without prejudice to renewal upon a more complete showing by the plaintiffs as to why the drastic remedy of default is the only appropriate remedy for the defendants' failures.

As an alternative to their request for the entry of a default, the plaintiffs have proposed that the court enter other sanctions and discovery orders, several of which are

appropriate. The plaintiffs have asked that their requests for admissions be deemed admitted. As noted by the plaintiffs, the defendants' responses to the requests for admissions were not served until August 25, which was 108 days after the responses were due. By operation of Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . ." Once admitted, the matter that is the subject of a request for admission "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The defendants have made no such motion. Accordingly, the matters covered in the plaintiffs' requests for admissions are conclusively established.

In addition, the defendants are ordered to serve written responses to the plaintiffs' interrogatories and document requests no later than January 10, 2011, and to produce all documents responsive to the requests for inspection and copying no later than January 28, 2011. No information or documents may be withheld from disclosure in response to the interrogatories and document requests on the basis of any objection, including privilege, all objections having been waived by the failure timely to respond to the above discovery requests.

The defendant Noel Howard shall submit to a deposition on or before January 18, 2011, and if all documents responsive to the plaintiffs' requests have not been produced by that time, the plaintiffs may adjourn the deposition or obtain so much of his testimony as they desire and resume the deposition after the document discovery

has been completed.  Finally, upon service of a deposition notice pursuant to Rule 30(b)(6) identifying with reasonable specificity the subjects about which testimony is sought, Bronx Park Medical, P.C. and Inwood Hill Medical, P.C. shall produce a person or persons to provide the requested testimony within no more than 20 days.

    **SO ORDERED:**

    *Viktor V. Pohorelsky*

    VIKTOR V. POHORELSKY
    United States Magistrate Judge

Dated:    Brooklyn, New York
           December 17, 2010